### DELANEY v. GAYLORD et al.

(Supreme Court, Special Term, Suffolk County. September, 9, 1911.)

1. NAMES (§ 18*)—IDENTITY—EVIDENCE—GRANTEES.

   Evidence *held* to show that the grantee in a deed, designated as "Patrick Delaney," was "Martin Patrick Delaney," who had changed his name.

   [Ed. Note.—For other cases, see Names, Cent. Dig. § 17; Dec. Dig. § 18.*]

2. NAMES (§ 20*)—CHANGE.

   A person may change his name, and adopt any name he sees fit.

   [Ed. Note.—For other cases, see Names, Cent. Dig. § 18; Dec. Dig. § 20.*]

Action by John A. Delaney against Rose Delaney Gaylord and another. Judgment for plaintiff.

Daniel Burke, for plaintiff.
Frederick S. Rauber, for defendants.

JAYCOX, J. This action is brought to determine a claim to real property. The controversy arises by reason of a deed of the premises in suit having been made to Patrick Delaney. The plaintiff's father was Martin Patrick Delaney. The defendants' father was Patrick Delaney. The contention of the plaintiff is that his father

for some reason, or without reason, changed his name from Martin Patrick Delaney to Patrick Delaney, and that the name Patrick Delaney in the deed in question relates to his father. The defendants, on the other hand, claim that the Patrick Delaney named as the grantee is their father.

[1] The evidence shows clearly that the father of the plaintiff purchased the premises in question and conducted the transaction by himself, that the deed was delivered to him, that he paid the purchase money, that he afterward entered into possession of the premises and lived and died upon the premises, that he paid the taxes thereon, and that he had the assessment reduced by reason of the fact that a part of the purchase money was money derived from a pension. The father of the defendants was not a pensioner. It also appears that the father of the plaintiff conducted a boarding house under the name of Patrick Delaney, with the name of Patrick Delaney upon the door plate; that the house upon the premises in question was insured in the name of Patrick Delaney; and that, when a controversy arose as to the insurance moneys, resulting from the destruction of some of the buildings, plaintiff's father and the defendants' father both claimed the money, and the action was tried and decided in favor of plaintiff's father.

These are some of the most prominent features of the testimony. It is true that there is some testimony that, after the alleged change of name, plaintiff's father was addressed as "Martin," and answered to that name; but there is nothing in the testimony, as I view it, to indicate that the grantee was not plaintiff's father. Every act of the parties from that time on indicates that he claimed title, and was able to establish his title when the matter was controverted between himself and his brother's heirs, and when the plaintiff's father was able to give his testimony in court.

[2] The plaintiff's father had the right to adopt any name that he saw fit. Smith v. U. S. Casualty Co., 197 N. Y. 420, 90 N. E. 947, 26 L. R. A. [N. S.] 1167. So that in this case, it seems to me, the only question is as to the identity of the grantee. The evidence leads me to believe that the grantee was the plaintiff's father.

Plaintiff is therefore entitled to judgment as prayed for in the complaint, with costs.